COAST VILLAGE INC.; Fairview Shell Auto; Twin Oaks Corp.; Jin's Shell; Jin's Palisades Shell; Jin's Western Shell; Jin's Hollywood Shell, Jin's Beach Shell; Jin's La Cienega Shell; Walid Nour; Foud Dagher; Souheil Bisharat; Del Amo Shell; Esequiel Delgado; Sitata Management Corporation; HJF Inc.; Gardy's Auto Care; Kevork Sislian; Carlos Marquez; Ramirez Shell Auto Care; Oakview Shell; Zuleika Kaplan; Camarillo Shell; Camarillo Texaco; Jerry's Shell; Ron Abel, Plaintiffs–Appellees,

and

Desert Shell; Marketplace Shell; Mina's Shell; Dick Terlsian, Plaintiffs,

v.

EQUILON ENTERPRISES, LLC, Defendant–Appellant.

No. 00–56537.

D.C. No. CV–00–05498–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided April 25, 2001.

Before HUG, B. FLETCHER, Circuit Judges, and KING,[1] District Judge.

---

1. The Honorable Samuel P. King, Senior United States District Judge for the District of

MEMORANDUM [2]

Equilon Enterprises appeals the district court's order granting Coast Village Incorporated and the other service station dealer franchisees involved a preliminary injunction pursuant to the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and we affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

 We will reverse the grant of a preliminary injunction only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir.2000). The district judge did not abuse her discretion in granting this preliminary injunction as the franchisees raised serious questions going to the merits and the balance of hardships tips sharply in their favor. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir.1999). We need not address Equilon's argument that the district judge erred in applying the more lenient standard of the PMPA because the district judge concluded that she would have granted the order even under the standard of Federal Rule of Civil Procedure 65. The severability of the allegedly unlawful provisions is more appropriately resolved at the trial for a permanent injunction.

AFFIRMED.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.